This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Anthony Webb, appeals from the judgment of the Lorain County Court of Common Pleas, which convicted him of Aggravated Robbery, with a gun specification. We affirm.
 I. {¶ 2} On September 12, 2002, Appellant was indicted on one count of aggravated robbery with a gun specification, in violation of R.C.2911.01(A)(1), in connection with a robbery of Marco's Pizza, located at 2311 Colorado Avenue in Lorain, Ohio. Appellant entered a plea of not guilty to the charge, and the matter proceeded to jury trial, commencing on October 15, 2002. The jury returned a verdict of guilty, and the trial court sentenced, Appellant accordingly. This appeal followed.
 II. Assignment of Error "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 3} In his sole assignment of error, Appellant asserts that his conviction was based upon insufficient evidence. Appellant also asserts that he is appealing the denial of his motion for acquittal "on the basis that said decisions are against the manifest weight of the evidence[.]" However, Appellant argues that there was no evidence to support the conviction; therefore, he substantively challenges the sufficiency of the evidence and not manifest weight. We therefore construe his argument as one which challenges sufficiency.
 {¶ 4} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J. concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 5} Appellant was convicted of aggravated robbery with a gun specification. R.C. 2911.01 provides:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 6} The State presented testimony from eight witnesses. Appellant rested his case without calling any witnesses. John Dolinsky of Lorain testified that on July 23, 2002, he noticed three individuals in a gray Ford Mustang acting suspiciously. He described how an individual in the front seat switched seats with a rear seat passenger. He testified that he then saw the car stopped along a dead-end street near Marco's pizza. He stated that approximately fifteen minutes later he observed two individuals walking down the street; they were both wearing hooded sweatshirts, although only one of them had his hood up, covering his head. Dolinsky could not identify, Appellant as one of the individuals, and he stated that he did not get a good look at any of the individuals, other than to see that one had a very short "buzz" haircut.
 {¶ 7} Amanda Torres testified that she was working at Marco's Pizza on July 23, 2002, when two males, one approximately 5'5" and the other 6'0", entered the store with a gun and demanded money. Torres was not alone at the time; she testified that her manager was in the restroom, and when the manager flushed the toilet, the two men ran out of the store. Torres described the two men as wearing "black hoodies, like sweatshirts." She also stated that one had a camouflaged bandanna, and they were wearing dark clothes. Torres testified that she did not see their faces because they were covered with bandannas or scarves, but she stated that one had green eyes and the other blue. On cross-examination Torres was asked to describe the eye color of Appellant, and she noted that they looked to be blue. On redirect, she stated that Appellant's eyes were bluish green.
 {¶ 8} Patrolman Martin Carreon testified that he responded to a complaint that there had been a robbery at Marco's. He stated that he was also advised that Dolinsky's call concerning the suspicious vehicle came in just prior to the report of the robbery. Patrolman Carreon took Dolinksy's statement.
 {¶ 9} Patrolman Brian Denman and Patrolman Christopher Colon testified that they were on duty on July 23, when they received a "Be on the Lookout" ("BOLO") report for a gray Ford Mustang. Patrolman Denman stated that the officers observed a vehicle matching the description, and began following the vehicle. As the patrolcar neared the vehicle, the vehicle slowed down and pulled to the side of the road, prior to the time that Patrolman Colon activated his overhead lights. The vehicle contained three occupants;, Appellant was the front seat passenger. Both officers testified that they observed two dark hooded sweatshirts in the vehicle. After the occupants were removed from the vehicle, the officers discovered a black gun between the front seat and the floorboard. The officers also discovered a camouflaged handkerchief and a scarf. No fingerprints were found on the gun, nor could the registration number be identified.
 {¶ 10} Appellant asserts that the foregoing evidence is insufficient and that the State has not presented any evidence to establish that, Appellant was connected to the Marco's Pizza robbery. We disagree. Viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind of Appellant's guilt beyond a reasonable doubt. Thus, we cannot say that Appellant's conviction for aggravated robbery with a gun specification was based upon insufficient evidence. Appellant's assignment of error is overruled.
 III. {¶ 11} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. and CARR, J. CONCUR.